UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINE TILLIS,<br><br>                           Plaintiffs,<br><br>v.<br><br>GEICO INDEMNITY COMPANY<br><br>                           Defendants. | Case No.:  20cv2294 DMS(WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On January 22, 2020, Plaintiff Ernestine Tillis, proceeding pro se, filed a form Complaint against Defendant Geico Indemnity Company in San Diego Superior Court.  In the three-page form Complaint, Plaintiff checked the boxes marked "Motor Vehicle" and "Other", and indicates she is seeking punitive damages in the amount of $250,000.  Defendant removed the case to this Court on November 24, 2020, on the basis of diversity jurisdiction.

The documents attached to the form Complaint indicate that Plaintiff was involved in a motor vehicle accident on May 18, 2018.  On February 4, 2019, Plaintiff reported the accident to the police.  According to the traffic report, Plaintiff was stopped at a stop sign behind another vehicle, that vehicle suddenly went into reverse and collided with her vehicle, and then that vehicle left the scene.  Plaintiff's vehicle was insured with Defendant, and she submitted an uninsured motorist claim to Defendant arising out of the accident.

1  After Defendant received that claim, it filed a special appearance in state court, and later
2  removed the case to this Court.

3  After removal, Defendant filed the present motion.[1]  It is unclear from the motion
4  whether Defendant is seeking dismissal of the case under Federal Rule of Civil Procedure
5  12(b)(6), or judgment on the pleadings under Federal Rule of Civil Procedure 12(c).
6  Considering the motion under Rule 12(b)(6), however, it is clear Plaintiff has not stated a
7  claim against Defendant.  Specifically, Plaintiff has not alleged facts to support a claim for
8  negligence.  *See Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917–18 (1996) (quoting *Evan
9  F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 834 (1992)) ("The elements
10 of a cause of action for negligence are well established. They are '(a) a *legal duty* to use
11 due care; (b) a *breach* of such legal duty; [and] (c) the breach as the *proximate or legal
12 cause* of the resulting injury.'")  And assuming Plaintiff's claim is based solely on
13 Defendant's handling of her insurance claim, that conduct would not give rise to a claim
14 for negligence in any event.  *See Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal.
15 App. 4th 249, 254 (1999) ("negligence is not among the theories of recovery generally
16 available against insurers").

17 For these reasons, Defendant's motion to dismiss is granted.  Although Defendant
18 requests that the Court dismiss Plaintiff's case without leave to amend, it is not "'absolutely
19 clear that the deficiencies of the complaint could not be cured by amendment.'"  *Rosati v.
20 Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202,
21 1212 (9th Cir.2012)).  Accordingly, Plaintiff is granted leave to amend to cure the pleading
22 deficiencies set out above.  If Plaintiff wishes to file a First Amended Complaint, she shall
23 / / /
24 / / /
25 / / /

---

[1] Plaintiff did not file an opposition to the motion, and the time for doing so has expired.

do so on or before **April 9, 2021**. Plaintiff is cautioned that if her First Amended Complaint does not cure the pleading deficiencies set out above, her claims may be dismissed with prejudice and without further leave to amend.

**IT IS SO ORDERED**.

Dated: March 22, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court